UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON W ENGEL,

      Plaintiff,

v.

CITY OF DEARBORN HEIGHTS,

      Defendant.

Case No. 26-cv-11505

Honorable Robert J. White

---

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND
DISMISSING THE COMPLAINT**

---

Before the Court is *pro se* Plaintiff Jason W Engel's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327–28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Here, Plaintiff sued Defendant the City of Dearborn Heights for violation of his civil rights under 42 U.S.C. § 1983. (ECF No. 1, PageID.1). Plaintiff alleged that he was unlawfully arrested, and that his vehicle was contemporaneously seized "during a private repossession." (*Id.*). Plaintiff further alleged that the officers "actively participated beyond a neutral role" in the seizure of his vehicle. (*Id.*).

2

Dearborn Heights is the only defendant named, but Plaintiff referenced several John Doe Officer Defendants in his complaint. (*Id.* at PageID.2).

To start, Plaintiff's claim that he was seized in violation of the Fourth Amendment is baseless given that the Defendant Officer who placed him under arrest had a warrant. (*Id.* at PageID.3).  And critically, Plaintiff failed to allege that the warrant itself was invalid.  "Absent an attack on the validity of the warrant," there is no claim under the Constitution, and therefore § 1983, for an arrest made "pursuant to a facially valid warrant." *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979).  To the extent Plaintiff alleged that he was arrested without a "clear or documented basis at the time of arrest," his own allegations directly contradict his claim for relief.  That is, Plaintiff stated the Defendant Officer informed him that he was arrested for a "dog-related incident" and an "alleged failure to possess a dog license." (ECF No. 1, PageID.3).  Accordingly, there is no cognizable Fourth Amendment violation to state a claim under § 1983.  Since Plaintiff's Count I lacks legal merit, it cannot proceed.

Next, Plaintiff alleged that the state deprived him of his property unlawfully by arresting him at the moment he was preparing to assert a legal defense to his car's repossession. (*Id.* at PageID.5).  The timing of the arrest effectively facilitated the private repossession, since the repossession agent seized Plaintiff's car contemporaneously to the arrest. (*Id.*).  But "[a] suspect does not have a

constitutional right to be arrested in a manner to his liking." *Guilford v. Frost*, 269 F. Supp. 3d 816, 830 (W.D. Mich. 2017).  So the state, through its officers, did not deprive Plaintiff of any property interest by arresting him while he was working on his legal defenses or while his car was being repossessed.  Plaintiff has no right in the timing or manner of his arrest, and the Court thus finds Count II meritless.

Plaintiff's Count III claim for municipal liability against Dearborn Heights similarly lacks merit.  Plaintiff alleged that Dearborn Heights failed to train officers regarding involvement in private repossession and "proper execution of arrests in civil-adjacent situations." (ECF No. 1, PageID.5).  The idea that officers need training in how to arrest a suspect via a valid search warrant so as not to disrupt the suspect's personal, civil litigation matters contravenes not just the state's police power, but also lacks constitutional justification.  And, as stated, Plaintiff had no right to the timing or manner of his arrest, and thus it is unclear what violation Plaintiff's proposed training would address.  Hence this claim cannot proceed.

Lastly, Plaintiff contended that Defendants denied him due process by arresting him while he was preparing relevant documentation for the repossession and by failing to provide records necessary to understand and challenge the basis of the arrest and seizure. (*Id.* at PageID.6).  But Plaintiff offered no facts to support his due process claim regarding his arrest.  And, based on the allegations, the officers validly arrested Plaintiff pursuant to a warrant.  In addition, Plaintiff claimed his due

process rights were violated by Dearborn Heights' failure to respond to his Freedom of Information Act Requests (FOIA) about his arrest. (*Id.*).  Yet "FOIA does not offer a remedy for alleged violations of constitutional rights arising from the handling of a FOIA request." *Williams v. Drug Enf't Admin.*, No. 1:22-cv-00696, 2024 WL 5156917, at *10 (S.D. Ohio Dec. 18, 2024) (citation omitted), *report and recommendation adopted*, 2025 WL 949218 (S.D. Ohio Mar. 28, 2025); *see also Mosed v. City of Detroit*, No. 2:25-cv-11636, 2025 WL 1947786, at *4 (E.D. Mich. July 15, 2025) (finding Detroit Police employees' alleged violation of Michigan's FOIA law did not give rise to a constitutional violation); *Hamad v. Mayorkas*, No. 3:20-cv-476, 2022 WL 3081971, at *5 (S.D. Ohio Aug. 3, 2022) ("FOIA is not a means for vindicating constitutional rights.") (citation omitted); *Hulshof v. Jurkas*, No. 4:05-cv-152, 2006 WL 2943302, at *6 (W.D. Mich. Oct. 13, 2006) (rejecting claim that defendants violated plaintiff's due process rights by denying her FOIA request).  Given that handling of a FOIA claim made under Michigan law cannot give rise to a constitutional claim, Count IV necessarily fails.  Accordingly,

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

5

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: July 23, 2026                              s/Robert J. White
                                              Robert J. White
                                              United States District Judge